## Drexelbrook Inn, Inc., v. Pennsylvania Labor Relations Board

*Guy G. deFuria* and *Geoffrey J. Cunniff*, for respondent.

*James F. Wildeman*, Special Deputy Attorney General; *Leon Ehrlich*, Deputy Attorney General, and *Herbert B. Cohen*, Attorney General, for Pennsylvania Labor Relations Board.

BRETHERICK, J., August 29, 1955.—This case is before us for the second time. The question now presented is, as the respondent states, a very narrow one.

The Labor Relations Board found that in terminating the employment of Milton Collins, respondent was

guilty of unfair labor practices within the meaning of section 6, subsec. 1, clauses (*a*) and (*c*) of the Pennsylvania Labor Relations Act, as amended by the Act of June 1, 1937, P. L. 1168, 43 PS §211.1 et seq.

The order of the board directed Drexelbrook to cease and desist from interfering with, restraining and coercing its employes in the exercise of their rights to self organization and collective bargaining, to cease and desist from discriminating against its employes in regard to tenure of employment because of their union membership or activities and to take affrmative action to restore Milton Collins to his position without prejudice, and to pay him back wages he would have earned had he not been discharged; together with a directive to the employer to post copies of the decision and order on his premises, and furnish evidence to the board of compliance.

Respondent thereupon petitioned this court for a review, and the board filed its petition for enforcement of the order.

In an opinion and order dated May 17, 1954, we affirmed the order of the board with certain modifications. For reasons stated in our opinion, we modified paragraph 3(*a*) of the order to read as follows:

"Pay to the said Milton Collins back wages equal to the amount he would have earned during the period from the date of his discharge to May 20, 1952, computed at the rate he was being paid on the date of his discharge, less amounts actually earned by him during such period, and if it appears that the said Milton Collins was offered appropriate employment and declined it, or otherwise failed to exercise reasonable diligence in securing other employment, such facts shall be taken into consideration in determining the sum necessary to reimburse him."

The record was returned to the board, and hearings were held to determine what amount, if any, was due

Collins by way of back wages. In a nisi order, made final on January 13, 1955, the board directed Drexel-brook to pay to Collins the sum of $578.21, "the amount of back pay which is hereby awarded to him", and to furnish evidence to the board of compliance.

The case is presently before us on the board's petition for enforcement and respondent's answer thereto. It is respondent's position that it has not complied with the board's order of January 13, 1955, because such order is not supported by substantial and legally credible evidence. After mature consideration, and with some reluctance, we have reached the conclusion that respondent's contention must be rejected.

Milton Collins was employed as a waiter at Drexel-brook for most of 1951 and until January 26, 1952, when he was discharged. The present controversy centers about the amount of gratuities or "tips" he was receiving at the time of his dismissal. The board found as a fact that, in addition to his wages, Collins earned gratuities amounting to $40 a week. Accordingly, the board used that sum in its calculations of back wages owing complainant. The finding was based solely on Collins' own oral testimony. Respondent presented no evidence on this phase of the case. When Collins was asked on cross-examination whether he had any records that would "substantiate or corroborate" his testimony with respect to tips received, he stated, "No, only my income tax return". As we read the record, counsel for complainant had with him at the hearing copies of the latter's Federal income tax returns for the years 1951 and 1952. Respondent's counsel made a formal request for the production of these returns. Complainant's counsel, contending that the returns were immaterial and irrelevant to the issue, refused to produce them. The trial examiner took the position that he was without authority to compel counsel to produce any document, and further

stated, "that is a subject matter for subpoena, and subpoenas can only be enforced by the court and not by the board".

We can agree with respondent that, "When a party in interest before a State tribunal makes the statement that he earned $40 a week in tips and admits that he has documentary proof of that fact in his possession, and willfully refuses to produce that proof for examination by respondent, the inference is clear, the inference being that if such documentation were produced its contents would be adverse to complainant's contention". The appropriate rule of law is well settled. " 'Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him' ": Haas v. Kasnot, 371 Pa. 580, 584.

Respondent argues that it is not a question of whether or not the contents of the tax returns would either support or destroy complainant's testimony; that "the more precise question is, did not his failure to produce these returns for examination so affect his entire case as to deny him the protection of the statute". We cannot agree that the withholding of these tax returns operated to deprive Collins of his rights under the act of assembly. We think the effect of such withholding must be limited to its bearing on the question the credibility. The credibility of the witnesses was a matter exclusively for the board. The findings of the board as to the facts, if supported by substantial and legally credible evidence, are conclusive: Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc., 345 Pa. 398, 400. As the Supreme Court said in the case cited at page 400: "This means that it is the function of the board not only to appraise conflicting evidence, to determine the credibility of wit-

nesses, and to resolve primary issues of fact, but also to draw inferences from the established facts and circumstances (citing cases)".

It is our opinion that complainant's refusal to produce his tax returns raised a serious question as to the reliability of his testimony. Presumably, however, the board gave proper consideration to all the circumstances in evidence as they affected credibility. We may not assume that it was remiss in the performance of its duty. The board obviously accepted Collins' testimony as worthy of belief. We may not substitute our judgment for that of the board.

The scope of our review in this case is well settled. "Upon judicial review, however it is the duty of the court to determine whether the findings of the board are supported by the substantial and legally credible evidence required by the statute and whether the conclusions deduced therefrom are reasonable and not capricious . . . 'Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' ": Pennsylvania Labor Relations Board v. Kaufmann Department Stores, supra, page 400.

After a careful study of the entire record in the case, we must conclude that the findings of the board are supported by the substantial and legally credible evidence required by the statute. It must always be borne in mind that it is immaterial that we might have reached a different conclusion from an independent examination of the testimony: Pennsylvania Labor Relations Board v. Cadman, 370 Pa. 1, 5.

### Order

And now, August 29, 1955, upon consideration of the within case, it is ordered, adjudged and decreed as follows:

1. That the order of the Pennsylvania Labor Relations Board of January 13, 1955, be, and the same is, affirmed.

2. That Drexelbrook Inn, Inc., be, and it is, hereby directed forthwith to comply with the orders of the Pennsylvania Labor Relations Board in this case, as modified by the order of this court of May 17, 1954.